IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRAVAILS DOTSON                                                                              PLAINTIFF

V.                                      CIVIL NO. 4:13-cv-04020

SHERIFF BUTCH MORRIS;
JOEY DAVIS; WILLIAM BELL;
and JUSTIN THORTHEN                                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Travails Dotson, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Arkansas Department of Corrections Cummins Unit in Grady, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendants' Motion to Dismiss. ECF No. 12. Plaintiff did not respond. After careful consideration the Court makes the following Report and Recommendation.

**I.     BACKGROUND**

Plaintiff filed his Complaint on February 14, 2013. ECF No. 1. Plaintiff names Sheriff Butch Morris, Deputy Joey Davis, Deputy William Bell, and Deputy Justin Thorthen all from the Howard County Sheriff's Office as Defendants in this matter. ECF No. 1. pp.1-2. Plaintiff named all Defendants in both their official and individual capacities. ECF No. 1, p. 2.

1

In his Complaint, Plaintiff alleges "the police" came to his house on April 11, 2012 and arrested him without a warrant. ECF No. 1, p. 4. Plaintiff further alleges that while he was being booked into jail the "officers" illegally searched his home and found drugs and a firearm. ECF No. 1, p. 4. In an affidavit attached to his Complaint, Plaintiff identifies Defendant Davis as the officer that arrested him and searched his house without a warrant or Plaintiff's consent. ECF No. 1, p. 6.

Plaintiff subsequently filed a Memorandum Brief in Support of his Complaint ("Brief"). ECF No. 7. Plaintiff attached many exhibits to this Brief and also incorporated the vast majority of the contents of those exhibits into the body of his Brief.[1] In his Brief, which the Court construes as a supplement to his Complaint, Plaintiff alleges: (1) there was no evidence to convict him of "possession of a controlled substance to whit delivery" or to support his firearm charge (ECF No. 7, p. 2); (2) Defendants violated his constitutional rights by falsely imprisoning him, committing perjury, and conspiring against him (ECF No. 7, p. 3); (3) no warrant was issued on April 11, 2012 sanctioning the arrest of Plaintiff (ECF No. 7, p. 4); (4) Plaintiff was arrested for domestic batter and while he was in jail his wife "made statement's against [him] (ECF No. 7, p. 5); (5) Defendants did not have a warrant to open and search Plaintiff's safe or his home (ECF No. 7, p. 4); (6) Plaintiff's wife, Nikki Dottson ("Dotson"), gave Defendant Davis the key to Plaintiff's safe and using the contents of the safe "charged [Plaintiff] with "possession of a controlled substance with purpose to deliver" and the firearm charge (ECF No. 7, p. 5); and (7) Plaintiff has a defense to the

---

[1] As Plaintiff attached these exhibits to the Brief and also incorporated them into the Brief, the Court will consider such exhibits on this Motion to Dismiss. *See Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697, n. 4 (8th Cir. 2003) ("in considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint").

firearm charge and the intent to deliver charge (ECF No. 7, p. 7).

Plaintiff also attached to his Brief investigation reports and statements from the officers involved and from Dotson. These reports and statements contained information regarding the domestic battery allegation Dotson made against Plaintiff, Dotson's signed consent to search the home she shared with Plaintiff, and the officer's reports detailing the search. ECF No. 7-2.

Defendants filed their Motion to Dismiss on June 12, 2013. ECF No. 12. In this Motion, Defendants argues (1) Plaintiff's claims should be dismissed because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) Plaintiff's claim should be dismissed even if they were not barred by *Heck* because the statements made by Plaintiff in his Brief and the exhibits attached to his Brief show that Defendants had probable cause to arrest Plaintiff and had consent to search his home; and (3) Plaintiff's claims should be dismissed because he failed to allege specific facts against specific Defendants to support his claims. ECF No. 12.

## II.   APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must

3

allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.　DISCUSSION

### A.　*Heck*

Defendants first argue Plaintiff's claims should be dismissed because they are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87. Here, Plaintiff makes multiple claims regarding what he believes to be an invalid arrest, conviction, and incarceration. Further, Plaintiff did not assert that his criminal conviction has been set aside or otherwise held invalid. A section 1983 claim that would necessarily imply the invalidity of a conviction is premature. *Id*. Thus, Plaintiff's claims regarding the illegality of his arrest, conviction, and incarceration fail as a matter of law.

Furthermore, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction through section 1983. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

Accordingly, Plaintiff's claims against Defendants relating to a lack of evidence in his

4

criminal case, false imprisonment, perjury by investigating officers in his criminal case, conspiracy by investigating officers in his criminal case, and defenses to his criminal charges, all fail as a matter of law.

Plaintiff's claim of an unlawful search of his home, however, is not barred by *Heck*. While typically a challenge to one's criminal conviction is not a cognizable claim pursuant to section 1983 unless the criminal conviction has been overturned, a damage suit for an unreasonable search may proceed even if the challenged search produced evidence that was used against the plaintiff in his still-outstanding criminal conviction. *Heck v. Humphrey*, 512 U.S. 477, 480 n.7 (1994).

    B.    Failure to state a claim

Defendants next argue that even if Plaintiff's claims are not barred by *Heck* the exhibits and factual allegations contained in Plaintiff's Brief negate any claim of illegal search Plaintiff has alleged.[2]

Plaintiff premises his illegal search claim on the fact that Defendants searched his home without a warrant and without his consent. Plaintiff then, however, proceeds to make factual allegations and provide documentary evidence showing that Dotson, his wife, consented to the search of the home they shared.

"Generally, the Fourth Amendment requires that a warrant be issued by a neutral magistrate on probable cause before an item can be searched or seized. There are, however, a few exceptions to the warrant requirement." *U.S. v. James*, 353 F.3d 606, 613 (8th Cir. 2003) (internal citations

---

[2] As Plaintiff' illegal search claim is the only claim not barred by *Heck*, it is the only claim the Court need address with regard to this argument by Defendant.

5

omitted).  Consent to search is one of those exceptions.  *Schneckloth v. Bustamonte,* 412 U.S. 218 (1973).  Further, consent may be given by the suspect himself or by anyone who has "common authority over, or sufficient relations to, the item to be searched."  *James*, 353 F.3d at 613 (citing *United States v. Matlock,* 415 U.S. 164, 171 (1974)).  "Common authority is a function of mutual use, joint access, and control, and is a question of fact."  *Id.* (citing *United States v. Bradley,* 869 F.3d 417, 419 (8th Cir. 1989); *United States v. Baswell,* 792 F.2d 755, 758 (8th Cir. 1986)).  It is well recognized that a spouse or co-tenant of a premises has common authority over the premises. *See e.g., U.S. v. Amratiel*, 622 F.3d 914, 916 (8th Cir. 2010) (wife had common authority over home she shared with husband in order to provide valid consent to search); *United States v. Nichols,* 574 F.3d 633, 636 (8th Cir. 2009) (a suspects girlfriend who had unrestricted access to the premises for three months had common authority over the premises); *see also United States v. Jones,* 193 F.3d 948, 950 (8th Cir. 1999) ("It is well established that an adult co-occupant of a residence may consent to a search."); *United States v. Duran,*  957 F.2d 499, 505 (7th Cir. 1992) ("one spouse presumptively has authority to consent to a search of all areas of the homestead.").

While it is possible for a spouse to maintain exclusive control over some private areas in the home, such as a locked safe, the searching parties must have had a reason to know the area or container was off-limits to the consenting spouse.  *See Amratiel,* 622 F.3d at 917 (citing *U.S. v. Almeida-Perez,* 549 F.3d 1162, 1172 (8th Cir. 2008)).  In *Amratiel*, the court found a wife's consent to a search of the home and gun safe she shared with her husband to be valid even though she first had to retrieve the safe's keys from her detained husband to unlock it for the searching officers.  *Id.*  Here, Plaintiff concedes that Dotson gave Defendants consent to search their home.  Plaintiff also attaches documents and alleges in his Brief that Dotson told Defendants there were drugs in the safe,

6

and either gave Defendants the key to unlock the safe or used the key to unlock the safe for Defendants to search. These allegations by Plaintiff clearly show that Dotson knew of the contents of the safe and was in possession of the keys to unlock the safe. The Court finds, based on the facts alleged by Plaintiff, Defendants were reasonable in their belief that Dotson had common authority to provide valid consent to search not only the home she shared with Plaintiff but also the locked safe. *Id.*

Accordingly, considering the facts as presented by Plaintiff, his claim of an illegal search of his home fails as a matter of law.[3]

### IV.   CONCLUSION

Accordingly, I recommend Defendant's Motion to Dismiss (ECF No. 12) be **GRANTED**. Plaintiff's Complaint should be dismissed with prejudice.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

   **DATED** this **6th day of January 2014.**

                                          /s/ Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] The Court need not address Defendants final argument as none of Plaintiff's claims remain.